

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DARRYL PAUL DUNCAN,

    Defendant.

Cv. No. 05-1265-T/An
Cr. No. 03-10059-T

---

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On September 15, 2005, defendant Darryl Paul Duncan, Bureau of Prisons Registration number 18716-076, an inmate at the United States Penitentiary in Terre Haute, Indiana, through counsel filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction for violating 18 U.S.C. § 922(g).

On July 21, 2003, a federal grand jury returned a one-count indictment against Duncan charging him with possession of a firearm after the conviction of a felony, in violation of 18 U.S.C. § 922(g). On June 7, 2004, Duncan pled guilty as charged. On September 15, 2004, the Court conducted a sentencing hearing and sentenced Duncan to one hundred eighty-eight (188) months imprisonment. The Court also imposed a three year term of supervised release. Judgment was entered on September 16, 2004. Duncan did not appeal his sentence, therefore, his sentence became final, at the latest, on October 27, 2004, the deadline for extending the time for taking an appeal. United States v. Noble, No. 97-6354, 1998 WL 487023 (10th Cir. Aug. 10, 1998)(holding that in absence of any appeal from original judgment of conviction, judgment becomes final upon expiration of only the ten-day appeal

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ____11-14-05____

time limit of Fed. R. App. P. 4(b)--§ 2255 motion filed over one year after the expiration of the Rule 4(b) extension period as well); United States v. Concepcion, No. 98-2372, 1999 WL 225865 (E.D. Penn. Apr. 19, 1999)(same); Stead v. United States. But see United States v. Walker, No. 99-6847, 1999 WL 760237 (4th Cir. Sept. 17, 1999)(holding that in absence of any appeal from original judgment of conviction, judgment becomes final upon expiration of both ten-day appeal time limit and thirty-day excusable neglect time period of Fed. R. App. P. 4(b)).

Duncan has now filed this § 2255 motion contending that:

1.    He is entitled to be resentenced under the principles enunciated in United States v. Booker, 125 S. Ct. 738 (2005).

The Supreme Court's decision in Booker was announced on January 12, 2005, after Duncan's conviction became final. This claim was, therefore, not available to defendant or his counsel at sentencing. Duncan does not allege that he requested that counsel appeal his sentence. Furthermore, counsel's failure to be clairvoyant with respect to the Supreme Court's ruling in Booker not constitute ineffective assistance.

In United States v. Booker, 125 S. Ct. 738 (2005), although the Supreme Court determined that its hold in Blakely v. Washington, 542 U.S. 296 (2004) applies to the Sentencing Guidelines, Booker, 125 S. Ct. at 755-56, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (Feb. 25, 2005), that the rule of Booker does not fall within the second exception of Teague v. Lane, 489 U.S. 288(1989). Id. at 863 (noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of Teague). Thus, the Sixth

2

Circuit concluded that the rule of <u>Booker</u> does not apply retroactively in collateral proceedings. <u>Humphress</u>, 398 F.3d at 860. Accordingly, <u>Booker</u> has not been "made retroactively applicable to cases on collateral review" and provides Duncan with no basis for relief.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. <u>See also</u> Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing. <u>United States v. Johnson</u>, 327 U.S. 106, 111 (1946); <u>Baker v. United States</u>, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid and his motion is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion. Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 movant may appeal without this certificate.

<u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA. The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983). <u>See Lyons</u>, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, the defendant cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if movant files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this _____ 8th _____ day of November, 2005.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# **Notice of Distribution**

This notice confirms a copy of the document docketed as number 2 in case 1:05-CV-01265 was distributed by fax, mail, or direct printing on November 14, 2005 to the parties listed.

---

David W. Camp
LAW OFFICES OF DAVID CAMP, PLLC
403 N. Parkway
Jackson, TN 38305

Honorable James Todd
US DISTRICT COURT